UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV282 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jimmy Davis sued Defendant Laila G. Gabrawy for medical malpractice in Missouri state court. The United States of America removed the case to this Court seeking to substitute the United States as the defendant in this matter. The United States filed a separate motion to dismiss the case based on Davis's failure to administratively exhaust his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 *et seq.* Because it is clear that the United States should be substituted as the defendant in this matter and that the case should be dismissed for a failure to comply with the requirements of the FTCA, I will grant the motions of the United States.

*Background*

Davis brought this medical malpractice suit against Laila Gabrawy, an ophthalmologist employed by Mytrle Hillard Davis Comprehensive Health Centers, Inc. at all times relevant to the allegations in the complaint. Davis alleges that he sustained injuries during treatment by Gabrawy on December 12, 2006. Prior to filing suit in state court, as well as up to and including the present, Davis has not filed an administrative tort claim with the Department of Health and Human Services.

The United States removed this matter from state court and seeks to be substituted as the defendant in place of Gabrawy.

In addition, because the FTCA requires a claim to first be exhausted with the appropriate federal agency before a plaintiff may file a lawsuit against the federal government, the United States moved to dismiss this case because Davis failed to exhaust his administrative remedies before filing this lawsuit.

*Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a district court is free to review matters outside of the complaint such as affidavits and documents. Osborn v. United States, 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information outside of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. Id. A Rule 12(b)(1) motion is distinct in that, unlike a Rule 12(b)(6) motion, when a factual challenge to jurisdiction is made by a movant there is no presumptive truthfulness attached to a plaintiff's allegations in the complaint. Id. at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

*Analysis*

The United States asserts that Gabrawy is deemed to be a U.S. Public Health Service employee covered by 42 U.S.C. § 233(a) for any acts and omissions that are the subject of this lawsuit. Accordingly, the provisions of 28 U.S.C. § 2679(a) and (d)(1) of the FTCA are applicable to Gabrawy. Because the FTCA authorizes suits against the federal government only in the name of the United States of America, the United States has moved that it should be substituted as the defendant in this matter.

There is no dispute that Myrtle Hillard Davis Comprehensive Health Centers, Inc. is designated as a federally-funded community healthcare facility by the Department of Health and Human Services and is deemed eligible for Federal Tort Claims Act coverage under the Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501). Also undisputed is the fact that Gabrawy is deemed to be a federal employee during the relevant time period covered by this lawsuit.

As a result, the United States' motion to be substituted as the defendant in this matter will be granted.

The FTCA creates a limited waiver of sovereign immunity, permitting plaintiffs to bring suit against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346.

In order to bring suit against the United States, a plaintiff must first present an administrative claim requesting a sum certain in damages to the appropriate federal agency and the claim must be denied. 28 U.S.C. § 2675(a). Any such claim must be presented within two years of the alleged injury. Section 2401(b) provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed. K.E.S. v. United States, 38 F.3d 1027, 1029 (8th Cir.1994).

There is no dispute that an administrative claim has never been filed in this matter. As a result, the filing of this lawsuit was premature and the United States' motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant the United States of America's motion to be substituted as the defendant in this action [#2] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant the United States of America's motion to dismiss this suit for lack of subject matter jurisdiction [#3] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2009.